
FILED
SUPERIOR COURT
OF GUAM
2018 JAN -8 PM 5:03
CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0487-17-01 |
| vs. | **DECISION AND ORDER** |
| GERRY JOHN HOCOG, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on December 12, 2017, for hearing on Defendant Gerry John Hocog's ("Defendant") Motion for a Bill of Particulars. Attorney Joaquin C. Arriola represents Defendant. Assistant Deputy Attorney General James C. Collins represents the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On September 14, 2017, Defendant was indicted with the following charges: (1) Conspiracy to Promote Major Prison Contraband (Controlled Substance) (As a Second Degree Felony); (2) Receiving Bribes (As a Third Degree Felony); and (3) Official Misconduct (As a Misdemeanor). (Indictment, Sep. 14, 2017). These charges stem from a Mandana Drug Task Force investigation concerning the distribution of methamphetamine into the Department of Corrections. (Decl. of Matthew A. Phelps, Magistrate's Compl., Aug. 25, 2017). The Indictment alleges that the charges against Defendant occurred "[o]n or about the period between December 13, 2016 to August 24, 2017." (Indictment at 21-22). Although Defendant

*People v. Hocog*
Case No. CF0487-17-01
Decision and Order

was initially charged with twelve other co-defendants, the Court granted Defendant's Motion to Sever on October 25, 2017. *See* Dec. & Order, Oct. 26, 2017.

On November 20, 2017, Defendant filed the instant motion. On December 4, 2017, the Government filed its Response. On December 12, 2017, the Court heard oral arguments on the motion, and subsequently placed the matter under advisement.

Defendant remains in asserted status.[1]

## DISCUSSION

Defendant moves the Court for a bill of particulars pursuant to 8 G.C.A. § 55.30. Defendant argues that a bill of particulars is necessary because of the voluminous discovery in this matter and because it is unclear how, what, and when each offense charged relates to him.[2] *See generally*, Mot. Bill of Particulars, Nov. 20, 2017. Generally, an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charge." 8 G.C.A. § 55.10(a). It is well established that an indictment is sufficient if: (1) it contains the elements of the crime charged; (2) adequately informs the defendant of the crime to allow him to defend against the charges; and (3) is stated with sufficient clarity to bar subsequent prosecution for the same offense. *People v. Jones*, 2006 Guam 13 ¶ 12.

The Court recognizes that it has the discretion to order the Government to provide a bill of particulars as necessary for the defendant to adequately prepare a defense. *See Will v. United States*, 389 U.S. 90, 99 (1967). Under Guam law:

---

[1]   Defendant asserted his right to speedy trial at Arraignment on October 4, 2017.

[2]   Defendant argues that:

> The volume of discovery, over 3000 pages, coupled with the volume of Defendant/suspects in this case demands a bill of particulars be provided by the Government. It is unknown from discovery who exactly "bribed" Defendant Hocog, what he was bribed with or for. It is also indiscernible from discovery which "major prison contraband" he allegedly promoted (and to whom he promoted this contraband), or even WHEN exactly this promotion occurred. It is unclear from discovery whom all the specific co-conspirators are. Similarly, it is indiscernible from all this discovery of what exactly Mr. Hocog did that was official misconduct, or when he did this."

(Mot. at 4) (emphasis in original).

*People v. Hocog*
Case No. CF0487-17-01
Decision and Order

Whether or not an indictment or information complies with § 55.10, if it fails to specify the particulars of the offense sufficiently to enable the defendant to prepare his defense, the court may, on motion of the defendant, require the prosecuting attorney to furnish the defendant with a clarification of the pleading containing such particulars as may be necessary for the preparation of the defense.

8 G.C.A. § 55.30. The purpose of a bill of particulars is to "appraise the defendant of the specific charges being presented to minimize the danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (citations omitted). To determine whether "a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Id.* (citation omitted). "[I]f the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987).

In this case, Defendant is charged with: (1) Conspiracy to Promote Major Prison Contraband (Controlled Substance) (As a Second Degree Felony); (2) Receiving Bribes (As a Third Degree Felony); and (3) Official Misconduct (As a Misdemeanor). The Government's Response to Defendant's Motion addresses each charge against Defendant individually and presents what it believes "is sufficient to provide [Defendant] adequate notice of the charges against him." (Resp. at 3-4, Dec. 4, 2017).

The Court's review of the record at this time leads it to believe that Defendant has been sufficiently apprised of the charges he faces at trial. *See Long*, 706 F.2d at 1054; *Butler*, 882 F.2d at 1193. *See also*, 8 G.C.A. § 55.30, Note ("The transcript of the grand jury proceedings or of the preliminary examination normally provides the defendant with all the information he needs in felony cases."); *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981) ("generalized discovery is not a proper purpose in seeking a bill of particulars."). Therefore, the Court DENIES Defendant's Motion for a Bill of Particulars.

\\

\\

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for a Bill of Particulars. A Further Proceedings is set for _January 16, 2018_ at _2:30 pm_.

**IT IS SO ORDERED** this _8th_ day of January, 2018.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of th
original hereto was placed in th
court box of:

ALT/J. ARRIOLA JR

Date: 1/8/18   Time: 5:10 pm

Deputy Clerk, Superior Court of Guam

*People v. Hocog*
Case No. CF0487-17-01
Decision and Order